UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RUDOLPH TOWNS, | ) | CASE NO. 1:12 CV 2149 |
|     Plaintiff, | )<br>) | JUDGE CHRISTOPHER A. BOYKO |
| v. | )<br>) | <u>MEMORANDUM OF OPINION</u><br><u>AND ORDER</u> |
| VETERANS ADMINISTRATION, | )<br>) | |
|     Defendant. | ) | |

*Pro se* plaintiff Rudolph Towns filed the above-captioned Complaint against the Veteran's Administration (VA) in Cleveland, Ohio alleging his "civil rights were denied." He seeks, *inter alia*, to recover disability benefits wrongly denied after he was injured on May 24, 1954.

*Background*

The Complaint begins with a query: "Why would this man be inducted into the arm [sic] service knowing that he had a plate in his head . . . after giving him a complete examination[?]" (Compl. at 2.) Mr. Towns answers his own question by suggesting the possibility that "there was a counterfeit operation." *Id.* He asks the Court to convene a grand jury to address his grievance with the VA.

Attachments to the Complaint reveal Mr. Towns was drafted to serve in the Korean War by the United States Army. While examining Mr. Towns in Fort Knox, Kentucky, an Army physician

allegedly failed to notice a surgical scar on his head. Mr. Towns maintains the scar clearly indicated he was a mental patient. As such, he asserts there were grounds for his immediate discharge. Instead, the Army flew him to Korea. The harsh war-time conditions he encountered in Korea only exacerbated Mr. Towns's mental illness and asthma.

On or about April 25, 1955 the Battery Commander allegedly observed Mr. Towns and stated: "Patient has a 3-profile and is absolutely no good to the battery due to ineffectiveness & limitations of the 3 profile. BC request that if possible the profile be changed or if that isn't possible to get rid of the man on medical." (Pl.'s Atth.) Mr. Towns complains this should have led to his medical discharge, but did not. Even after Dr. Labella recommended "special consideration" regarding his exposure to smoke, fumes, cold, and dust particles, Mr. Towns states he was still exposed to all these elements on the battlefield.[1]

Over the years, Mr. Towns allegedly tried to secure relief for medical negligence and malpractice claims against the VA. There are no documents attached to the Complaint that support this claim, however. The only information he provides regarding his health is a photocopied document titled, "Water Homestead Certificate of Disability." The certificate was signed by Dr. Carolyn H. Montier on December 11, 1984, and certifies Mr. Towns "is totally and permanently disabled by virtue of (x) physical disability or (x) mental disability." [2]

Finally, Mr. Towns believes the Army violated his "human and medical rights." He maintains that (1) he should never have been drafted, (2) he should have been medically discharged

---

[1] Later in the Complaint, Mr. Towns alleges he was under a physician's care in Buffalo, New York when the Army drafted him. Dr. Labella may be the physician who cared for him.

[2] Because the document is copied, it is not clear whether Dr. Montier checked both entries.

when he was examined and (3) the Army should have resolved the issue in 1956. Instead of addressing his concerns, however, he complains the Army lost his records.

A copy of a letter from the Department of the Army, Review Boards Agency, dated November 14, 2003, appears to respond to Mr. Towns's request for his military records. Ruth Meisenheimer, Chief of the St. Louis Support Division signed the letter and explained that the Agency was not the custodian of his military records. She enclosed a SF 180, *Request Pertaining to Military Records* for Mr. Towns to complete and return by mail if he still wanted copies of his records. Mr. Towns does not disclose whether he mailed this request.

*Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a "district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims).

*Federal Jurisdiction*

Before addressing the merits of a case, federal courts are obliged to ensure that they enjoy subject matter jurisdiction to hear the matter. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430-431 (2007)("[A] federal court has leeway to choose among

threshold grounds for denying audience to a case on the merits.") (internal quotation marks omitted) Although Mr. Towns has not asserted a definitive basis for this Court's jurisdiction, a liberal reading of the claims and injuries he alleges against the VA suggest he may be seeking relief under the Federal Torts Claims Act (FTCA).

Under the FTCA, lawsuits against governmental employees acting in their official capacities are treated as suits against the United States. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). When Congress enacted the FTCA, it waived the sovereign immunity of the United States with respect to claims arising from "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). Thus, "[t]he [FTCA] is a limited waiver of sovereign immunity, making the Federal government liable to the same extent as a private party for certain torts of employees acting within the scope of their employment. *United States v. Orleans*, 425 U.S. 807, 813 (1976).

Essentially, Mr. Towns argues the United States was negligent when an Army physician admitted him to the service after he failed to notice a scar on his head indicating he was mental patient. What is not clear is what action Mr. Towns took to address his concerns in 1954.

Unless a plaintiff has first timely exhausted his administrative remedies, the Court has no subject matter jurisdiction over the FTCA claim. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." Section 2401(b) contains a two-year limitation period for claims brought under the FTCA, providing that a "tort claim against the United states shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b).

Accrual of a claim under the FTCA generally begins at the time the injury or harm is inflicted. The statute of limitations begins to run "when the plaintiff knows both the existence and cause of his injury." *United States v. Kubrick*, 444 U.S. 111, 120 (1979); *Britton Enterprises of Stuart Florida, Inc. v. U.S. Army*, No. 83-5759,1985 WL 13024 (6th Cir. Mar.22, 1985). While tort claims generally accrue at the time of a plaintiff's injury, under *Kubrick* "the rule is sometimes relaxed in medical malpractice cases to allow accrual not upon knowledge of injury, but upon knowledge of the cause of the injury." *Britton*,1985 WL 13024 at 2 (quoting *Kubrick*, 444 U.S. at 120). This liberal reading of the rule, however, still cannot save Mr. Towns's claims from being barred. As the Supreme Court advised:

> We thus cannot hold that Congress intended that 'accrual' of a claim must await awareness by the plaintiff that his injury was negligently inflicted. A plaintiff such as Kubrick, armed with the facts about the harm done to him, can protect himself by seeking advice in the medical and legal community. To excuse him from promptly doing so by postponing the accrual of his claim would undermine the purpose of the limitations statute, which is to require the reasonably diligent presentation of tort claims against the Government.

*Kubrick*, 444 U.S. at 123. *Kubrick* requires a plaintiff exercise "a duty of diligent inquiry" if he chooses to pursue a claim under the FTCA. Thus, the accrual period is not deferred based on when the plaintiff learns from another source that the cause of his injury is legally actionable.

The facts alleged suggest Mr. Towns knew of his 'injury' in 1954 and of the individuals responsible for the injury no later than the same year. Thus, he was under a duty of inquiry to determine whether his legal rights had been infringed. Having failed to satisfy his duty, this Court is compelled to conclude Mr. Towns's claim is time-barred.

*Conclusion*

Based on the foregoing, the Complaint is dismissed as time-barred. Further, the Court certifies that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

                                              s/ Christopher A. Boyko
                                              CHRISTOPHER A. BOYKO
                                              UNITED STATES DISTRICT JUDGE

DATED: November 21, 2012

---

[3] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."